# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RONALD SHORE, | Case No. 24-cv-12927 |
| Plaintiff, | Honorable Robert J. White |
| v. | Mag. Judge David R. Grand |
| DETROIT INSTITUTE OF ARTS, DARIUS MITCHELL, J. HOWARD, REGINALD McCURDY, and BRANDY PARKER | |
| Defendants. | |

---

Hannah R. Fielstra (P82101)
ERNST LAW FIRM, PLC
*Attorneys for Plaintiff*
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Telephone: 313.965.5555
hannah@emstlawplc.com

STEVEN M. POTTER (P33344)
ROBERT C. CLARK (P76359)
TREVOR S. POTTER (P84253)
LAYLA R. SIZEMORE (P85502)
POTTER, DeAGOSTINO & CLARK
Attorneys for Defendant DIA
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700 / Fax (248) 377-0051
spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com
lsizemore@potterlaw.com

---

## PLAINTIFF'S *FIRST AMENDED* COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through Counsel, and for his First Amended Complaint states as follows:

## **VENUE AND JURISDICTION**

1. Plaintiff is, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

2. The cause of action arose in the City of Detroit, County of Wayne, State of Michigan.

3. Defendant Darius Mitchell was at all times relevant hereto, an employee/agent of the Detroit Institute of Arts Security personnel, and is being sued in his individual capacity.

4. Defendant J. Howard was at all times relevant hereto, an employee/agent of the Detroit Institute of Arts Security personnel, and is being sued in his individual capacity.

5. Defendant Reginald McCurdy was at all times relevant hereto, an employee/agent of the Detroit Institute of Arts Security personnel, and is being sued in his individual capacity.

6. Defendant Brandy Parker was at all times relevant hereto, an employee/agent of the Detroit Institute of Arts Security personnel, and is being sued in her individual capacity.

7. At material times, Defendants Darius Mitchell, J. Howard, Reginald McCurdy, and Brandy Parker, acted under color of state law as *de facto* police officers licensed under state law endowed with plenary police powers, and pursuant to the policies, practices, customs, and usages of Detroit Institute of Arts security and applicable state laws.

8. Defendant Detroit Institute of Arts is a nonprofit corporation located in the City of Detroit, County of Wayne, State of Michigan.

9. The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

10. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

11. On November 4, 2022 at approximately 6:25pm, Plaintiff was peacefully exercising his First Amendment rights by passing out political literature to those who demonstrated an interest in taking it on a public sidewalk outside the Detroit Institute of Arts ("DIA") in Detroit, Michigan.

12. Defendant Darius Mitchell, a member of the DIA security team and upon information and belief, the head of security at the DIA approached Plaintiff.

13. Defendant Darius Mitchell told Plaintiff that he had to leave and was not allowed to distribute political literature to anyone.

14. Plaintiff responded that he was on a public sidewalk and had the right to do so.

15. Defendant Darius Mitchell threatened Plaintiff that he would "beat his ass" and called him a "bitch."

16. Defendant J. Howard or Reginald McCurdy then approached Plaintiff. Darius Mitchell told J. Howard or Reginald McCurdy that Plaintiff disrespected him, which was not true.

17. Plaintiff continued to pass out literature to those who were interested on the public sidewalk.

18. Defendants Darius Mitchell, J. Howard and Reginald McCurdy continued to interfere with Plaintiff by following him, ordering passersby not to take the literature and by holding his arms out to get in the way of Plaintiff and other people walking by.

19. Defendants crumpled up some of Plaintiff's literature and threw it on the ground.

20. At one point, Plaintiff became so distressed that he accidentally dropped the literature on the ground. As Plaintiff bent down to pick it up, Defendant Darius Mitchell immediately screamed at Plaintiff to pick it up.

21. Plaintiff told Defendants Darius Mitchell J. Howard, and Reginald McCurdy that they were interfering with his First Amendment rights.

22. Defendant Darius Mitchell told Plaintiff that *he* had a First Amendment right to engage as he was and that it was his "freedom of speech" to prevent Plaintiff from speaking to or handing out his political literature.

23. Approximately a half an hour later, the Wayne State University Police responded to a call from Brandy Parker with DIA Security about a man who "refused to leave."

24. Defendant Darius Mitchell grabbed Plaintiff and pushed him toward the police.

25. The responding officers asked for Plaintiff's identification, searched him, and found no weapons. Plaintiff was released by police and left the location.

26. Defendants effectively detained Plaintiff for over thirty minutes and interfered with his right to freedom of speech.

**COUNT I**
**<u>FIRST AMENDMENT VIOLATIONS</u>**
*As to Defendants Darius Mitchell, J. Howard, Reginald McCurdy and Brandy Parker*

27. Plaintiff, by reference, incorporate the preceding paragraphs of his Complaint as though fully set forth herein.

28. The actions and/or omissions of Defendants as described above constitute a violation of Plaintiff's First Amendment right to freedom of speech in a public place as applied to the States by the Fourteenth Amendment.

29. At material times, Defendants Darius Mitchell, J. Howard, Reginald McCurdy and Brandy Parker, acted under color of state law as *de facto* police officers licensed under state law and endowed with plenary police powers, and pursuant to the policies, practices, customs, and usages of Detroit Institute of Arts security and applicable state laws.

30. The rights at issue here were clearly established at the time of the constitutional violations, and any reasonable police officer should have been aware of Plaintiff's rights and should have recognized his actions violated said rights.

31. Defendant's action injured Plaintiff by restraining, preventing, deterring and impairing his right to speech in a way that would chill the Plaintiff and a person of ordinary firmness from propounding further lawful speech.

32. Defendants do not have immunity for violating Plaintiff's rights.

33. Plaintiff's protected activity was a substantial or motivating factor in the Defendants' conduct.

**COUNT II**
**<u>USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS</u>**

*As to Defendant Darius Mitchell*

34. Plaintiff hereby restates and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. The actions and/or omissions of Defendant as described above constitute excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, cognizable under 42 U.S.C. § 1983.

36. The acts complained of were carried out by the Defendant's individual capacity as a security officer, within the actual and/or apparent authority of Defendant Detroit Institute of Arts.

37. At material times, Defendants Darius Mitchell, J. Howard, Reginald McCurdy and Brandy Parker, acted under color of state law as a *de facto* police officers licensed under state law and endowed with plenary police powers, and pursuant to the policies, practices, customs, and usages of Detroit Institute of Arts security.

38. At the time of the complained of events, Plaintiff had clearly established constitutional right under the Fourth and Fourteenth Amendment to be free from excessive force.

39. Defendant Darius Mitchell's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Constitutional rights of Plaintiff.

40. The force used by Defendant Darius Mitchell shocks the conscience and constitutes malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

41. Defendants are not entitled to qualified immunity for the complained of conduct.

## COUNT III
## MONELL VIOLATION
*Defendant Detroit Institute of Arts*

42. At all times relevant hereto, Defendant Detroit Institute of Arts, through its security guards and/or the security guards with whom it contracts, had a policy, practice and/ or custom of unconstitutionally depriving citizens of their First Amendment Rights.

43. This unconstitutional policy, practice and/or custom was a driving force behind the constitutional violations suffered by Plaintiff.

44. The constitutional violations were ratified by a final policy maker, Eric Drewry, who had authority from Defendant Detroit Institute of Arts.

45. Drewry knew of and specifically made a deliberate choice to approve the acts of the individual defendants' acts and the basis for those acts.

## COUNT IV
## ASSAULT & BATTERY
*As to Defendant Darius Mitchell*

46. Plaintiff hereby restates and re-alleges each and every allegation contained in

the foregoing paragraphs as if fully set forth herein.

47. Defendant Darius Mitchell's conduct against Plaintiff constitutes the tort of assault and battery.

48. Defendant's conduct was without consent or legal justification.

49. As a direct and proximate result of Defendants' actions, Plaintiff was injured as described herein.

## DAMAGES

50. As a direct and proximate result of Defendants' unlawful activity, Plaintiff has suffered and continues to suffer damages for which the Defendant is liable including but not limited to: Mental anguish, mental distress, loss to reputation, embarrassment, humiliation, mortification, fear, anxiety, and loss of the enjoyment of life.

51. As a result of the Defendants' reprehensible, wanton, oppressive unconstitutional and unlawful actions and/or omissions, Plaintiff is entitled to recover for the damages and injuries referenced above in the form of economic and non-economic compensatory damages, and is entitled to recover punitive damages as Defendants' acts and/or omissions merit an award of same.

52. Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter

judgment in her favor and against Defendants, jointly and severally, in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred.

                          Respectfully submitted,

                          */s/ Hannah R. Fielstra*
                          Hannah R. Fielstra (P82101)
                          Ernst Law Firm, PLC
                          Counsel for Plaintiff
                          645 Griswold Street, Suite 4100
                          Detroit, Michigan 48226
                          (313) 965-5555
                          (313) 965-5556 – Fax
                          hannah@ernstlawplc.com

Dated: January 7, 2026

11

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN

RONALD SHORE,

    Plaintiff,

v.

DETROIT INSTITUTE OF ARTS,
DARIUS MITCHELL, J. HOWARD,
REGINALD McCURDY, and
BRANDY PARKER

Defendants.

Case No. 24-cv-12927

Honorable Robert J. White

Mag. Judge David R. Grand

---

Hannah R. Fielstra (P82101)
ERNST LAW FIRM, PLC
*Attorneys for Plaintiff*
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Telephone: 313.965.5555
hannah@emstlawplc.com

STEVEN M. POTTER (P33344)
ROBERT C. CLARK (P76359)
TREVOR S. POTTER (P84253)
LAYLA R. SIZEMORE (P85502)
POTTER, DeAGOSTINO & CLARK
Attorneys for Defendant DIA
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700 / Fax (248) 377-0051
spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com
lsizemore@potterlaw.com

---

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury in the above-captioned matter.

    Respectfully submitted,

*/s/ Hannah R. Fielstra*
Hannah R. Fielstra (P82101)
Ernst Law Firm, PLC
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ernstlawplc.com

Dated: January 7, 2026